**J. KAHN & CO., Inc. v. CLARK, Atty. Gen., et al.**

No. 3241.

United States District Court
N. D. Texas, Dallas Division.
March 19, 1949.

Smithdeal & Lefkowitz, of Dallas, Tex., for plaintiff.

Frank B. Potter, U. S. Atty. of Fort Worth, Tex., David Bazelon, Geo. B. Searls, Chief Trial Atty., and Victor R. Taylor, all of Washington, D. C., and Wm. P. Fonville, Asst. U. S. Atty., of Dallas, Tex., for defendant.

ATWELL, Chief Judge.

In 1941, Asahi Menka Shokai, of Japan, contracted with the plaintiff for 2800 bales of cotton. This contract was evidenced by a number of offers and acceptances, each of which had certain requirements. One of those requirements was that the Japanese firm was to give shipping instructions. They did not give any shipping instructions until after the issuance of the freeze order in this country in July, 1941.

In October, 1941, they claimed $25,000.00 damages from the plaintiff for alleged failure to ship the cotton as contracted. The plaintiff negotiated with the Japanese firm and finally they reached an agreement, in the nature of an accord and satisfaction, and the plaintiff credited upon its books to the Japanese firm, $16,000.00. This credit was made in good faith and that is the amount which the alien property custodian claimed. This suit is to set aside that claim and restore the amount to the plaintiff.

That the plaintiff has not as yet actually paid the money to the Japanese buyer, does not alter the situation. The seller held and holds that for the alien property custodian.

That neither the buyer nor seller knew of the imminence of war, does not alter the rule. The ignorance of facts only relates to the ignorance of the parties, and means the concealment, or the knowledge of one of those parties, to the detriment of the other. That is not the case here. In this cause, if we assume that Japan had already determined to make war against the United States, that determination on the part of the government of Japan cannot, safely, be imputed to the Japanese buyer. Nor can the fact that the United States government had actual notice of the fact that Japan had determined upon the mentioned course, and quietly waited for Japan to make the first overt move, be imputed to the plaintiff. The governments of both nations were the knowers and the concealers. It was their individual knowledge and their individual concealment. It was not public property in either nation, and did not become so until after the war when investigation so disclosed. So, as I have already stated, the ordinary rule with reference to the knowledge or lack of knowledge of pertinent facts in the unsettlement of accord and satisfaction is not applicable here. 1 C.J.S., Accord and Satisfaction, § 1 et seq., pages 460-546.

Judgment must go for the defendant.